**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

JAMES PATRICK REEDOM,

                                        Plaintiff,

        v.
                                                        1:17-CV-365
SCHENECTADY COUNTY COMMUNITY                            (LEK/CFH)
COLLEGE AND PENSION PLAN,

                                        Defendant.

_____

**APPEARANCES:**                        **OF COUNSEL:**

James Patrick Reedom
3904 Candace Drive
Forth Worth, Texas 76119
Plaintiff Pro Se

**CHRISTIAN F. HUMMEL,**
**U.S. MAGISTRATE JUDGE**

**APPEARANCES:**

James Patrick Reedom
3904 Candace Drive
Fort Worth, Texas 76119
Plaintiff pro se

## REPORT-RECOMMENDATION AND ORDER

### I.  Background

        This action was transferred to this Court from the United States District Court of

the Virgin Islands on April 5, 2017.  Dkt. No. 6.  Plaintiff filed his complaint in that Court

on May 18, 2015, and submitted an application to proceed in forma pauperis ("IFP") on

May 12, 2016.  Dkt. No. 7.  He also submitted a request to obtain an ECF log-in and

password to file electronically.  Dkt. No. 8. On March 6, 2017, the District Court of the

Virgin islands issued a Report-Recommendation and Order recommending that the matter be transferred to this Court. Dkt. No. 9 at 4. The Court "deferred" on plaintiff's motion to proceed IFP and his request to file electronically. Id. On March 23, 2017, plaintiff submitted a "Motion to add Exhibits to the Record and Response to Magistrate Recommendations," which appears to be an attempt to supplement his complaint. Dkt. No. 12. The District Judge for the District of the Virgin Islands adopted the Report-Recommendation and Order on March 30, 2017. Dkt. No. 13.[1]

Thus, presently pending before this Court is plaintiff's (1) motion to proceed IFP, (2) request for an ECF password and log-in, and (3) request to add additional exhibits to his complaint. Dkt. Nos. 7, 8, 12.

## II. In Forma Pauperis Application

---

[1] Plaintiff has commenced actions in several different federal courts throughout the country. See, e.g., Reedom v. Social Security Administration, 192 F. Supp. 3d 116 (D.C. 2016); Reedom v. Commissioner, Soc. Sec., RBD-13-2305, 2013 WL 5797504 (D. MD. Oct. 25, 2013); Reedom v. Soc. Sec. Admin, 2013 WL 5960861, n.1 (D. Maine 2013); Reedom v. Sec't of Agriculture, 12-1927, 2012 WL 6085390 (D.D.C. 2012); Reedom v. Jones, 10-375, 2010 WL 4875636 (E.D. La. 2010), aff'd Reedom v. Jones, 466 F. App'x 355 (5th Cir. 2012); Reedom v. Vilsack, 12-5397, 502 F. App'x 4 (D.D.C. 2013); Bell v. City of Forth Worth, 102 F.3d 549 (5th Cir. 1996) (Plaintiff was one of a handful of plaintiffs in this action.); Reedom v. Holman, 264 F.3d 162 (5th Cir. 2001).
He also appears to have a pattern of filing actions in district courts that have no apparent connection to the parties or claims that are set forth in his complaint. See, e.g., Reedom, 2013 WL 5797504, at *2 ("Because Mr. Reedom has not alleged that he either resides in Maryland or has his principal place of business in Maryland, his case must be dismissed without prejudice for lack of subject matter jurisdiction, subject to refiling in the appropriate court."); Reedom, 2013 WL 5960861, at *1 n.1 ("The Government's motion alternatively sought to have the matter transferred to the Northern District of Texas where the plaintiff resides. The plaintiff's response gave no indication as to why venue would be proper in the District of Maine. If the Court rejects my recommendation and does not dismiss the case, it would be properly transferred to the Fort Worth, Texas district court[.]"). It is possible that plaintiff also commenced actions under the name Patrick James Reedom, as well as attempted to seek certiorari in several actions before the Supreme Court of the United States. See, e.g., Reedom v. Crappell, __ U.S. ___, 133 S. Ct. 1917 (2003) (Mem.); Reedom v. Mosley, 515 U.S. 1164 (1995) (Mem.); Reedom v KVHN Radio, et al., 510 U.S. 117 (1993) (Mem.). Indeed, certain filings with the Court list plaintiff's name as Patrick James Reedom, rather than James Patrick Reedom. Dkt. No. 12 at 4, 8-17, 19, 23.

After reviewing plaintiff's IFP Application, the Court finds that he may properly proceed with this matter in forma pauperis.[2]  See Dkt. No. 2

## III.  Initial Review[3]

## A.  General Review Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.  In reviewing a pro se complaint, the court must be mindful that the plaintiff's pleadings should be held to "less stringent standards than formal pleadings drafted by lawyers."  Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); Erickson v. Pardus, 551 U.S. 89, 94 (2007).

To state a claim on which relief can be granted, a complaint must contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570,

---

[2]  Despite granting plaintiff IFP status in connection with this action, waiving the filing fee, plaintiff may still be responsible for any costs he may incur in this action, such as copying fees or witness fees.

[3]  Any unpublished decisions cited within this Report-Recommendation and Order have been provided to plaintiff pro se.

3

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Further,

> [d]etermining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — that the pleader is entitled to relief.

Iqbal, 556 U.S. at 679 (internal citation omitted); FED. R. CIV. P. 8(a)(2).


## B. Plaintiff's Claims

Plaintiff's complaint is difficult to follow. See generally Compl. Portions of the complaint have been cut off, and some paragraphs appear incomplete and stop mid-sentence. Compl. at 4, 5. Other paragraphs do not logically follow one another. Id. However, affording plaintiff's complaint a very liberal reading, as this Court must due to plaintiff's pro se status, it appears that plaintiff seeks declaratory, injunctive, and monetary relief in connection with his retirement benefits earned from his employment at defendant Schenectady County Community College ("SCC"). Specifically, plaintiff suggests that defendants failed to disclose certain conditions of receipt of his retirement benefits. See generally Compl. He argues that those conditions violate the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and that

4

he is entitled to receipt of his benefits without such conditions.  Id.  Plaintiff seeks to

proceed as a class action.[4]  Id. at 3.

Plaintiff contends under "Claim One" that defendants violated 26 C.F.R. § 1.411

(a)-4, contending only that "[o]ffering benefit accruals that are conditional does not

satisfy ERI[SA's] nonforfeitability standard."  Compl. at 5.  In "Claim Two" plaintiff

addresses defendants' "[f]ailure to Disclose Conditions on New Accruals in the

Statutorily-Required Summary Plan Description."  Id.  Plaintiff contends that a benefit

provider is required, in a summary plan description ("SPD"), to "disclose the

circumstances that may result in disqualification, denial, loss, or forfeiture of any

benefits that a participant might otherwise reasonable [sic] expect to recei[ve] the basis

of the description benefits offered by the plan."  Id. (citing 20 C.F.R. §§ 2520.102-2(a),[5]

---

[4]  Plaintiff's proposed class includes

> any and all persons who (a) Are former or current Schenectady County
> Community College employees, (b) Participated in the Schenectady
> County Community College Pension Plan before January 1, 1979, and
> (c) Have participated in the 'Part B' Schenectady County Community
> College Pension Plan at any time since January 1, 1979.  The proposed
> class covers all participants in the Schenectady County Community
> College Pension Plan whose receipt of benefit accruals under the part B
> pla[n] been [sic] unlawfully conditioned in violation of ERISA Section
> 203(a), 29 U.S.C. 1053(a).

Compl. at 3.

[5]  29 C.F.R. § 2520.102-2(a) provides:

> (a) Method of presentation. The summary plan description shall be
> written in a manner calculated to be understood by the average plan
> participant and shall be sufficiently comprehensive to apprise the plan's
> participants and beneficiaries of their rights and obligations under the
> plan.  In fulfilling these requirements, the plan administrator shall exercise
> considered judgment and discretion by taking into account such factors
> as the level of comprehension and education of typical participants in the
> plan and the complexity of the terms of the plan.  Consideration of these
> factors will usually require the limitation or elimination of technical jargon

2520.102-3(l)).[6]  Plaintiff argues that the SPD he received in October 1998 "does not

describe any conditions on receipt of the new cash balance pension accruals."  Compl.

at 5.  Plaintiff provides further that the SPD he received stated that "[e]ach dollar's

worth of credit is a dollar of retirement benefits payable to you after you[7] vested.  Under

the plan, your benefit will grow steadily throughout your career as credi[t][8] is added to

your account."[9]  Id.  Plaintiff references an "exhibit 6," but no exhibits have been

---

and of long, complex sentences, the use of clarifying examples and
illustrations, the use of clear cross references and a table of contents.

[6]  A portion of the sentence is cut off here, but review of the statute allows for a deduction that
plaintiff intended to cite § 2520.102-3(l).  Compl. at 5.  29 CFR § 2520.102-3(l) provides:

(l) For both pension and welfare benefit plans, a statement clearly
identifying circumstances which may result in disqualification, ineligibility,
or denial, loss, forfeiture, suspension, offset, reduction, or recovery (e.g.,
by exercise of subrogation or reimbursement rights) of any benefits that a
participant or beneficiary might otherwise reasonably expect the plan to
provide on the basis of the description of benefits required by paragraphs
(j) and (k) of this section.  In addition to other required information, plans
must include a summary of any plan provisions governing the authority of
the plan sponsors or others to terminate the plan or amend or eliminate
benefits under the plan and the circumstances, if any, under which the
plan may be terminated or benefits may be amended or eliminated; a
summary of any plan provisions governing the benefits, rights and
obligations of participants and beneficiaries under the plan on termination
of the plan or amendment or elimination of benefits under the plan,
including, in the case of an employee pension benefit plan, a summary of
any provisions relating to the accrual and the vesting of pension benefits
under the plan upon termination; and a summary of any plan provisions
governing the allocation and disposition of assets of the plan upon
termination.  Plans also shall include a summary of any provisions that
may result in the imposition of a fee or charge on a participant or
beneficiary, or on an individual account thereof, the payment of which is a
condition to the receipt of benefits under the plan.  The foregoing
summaries shall be disclosed in accordance with the requirements under
29 CFR 2520.102–2(b).

[7]  A word may have been cut off here.  Compl. at 5.

[8]  The full word was cut off, but it appears to be "credit."  Compl. at 5.

[9]  Plaintiff does not include a copy of the 1998 SPD he alleges to have received.  See generally
Compl.

included with the complaint.  <u>See</u> Compl. at 5.[10]  "'ERISA provides that employees must receive a summary plan description of any employee benefit plan within ninety days after joining the plan and every five years thereafter if the plan is amended or every ten years if it is not.'"  <u>Rothwell v. Chenango County N.Y.S.A.R.C. Pension Plan</u>, 03-CV-637 (GLS), 2005 WL 2276023, at *6 (N.D.N.Y. Sept. 19, 2005) (quoting <u>Howard v. Gleason</u>, 901 F.2d 1154, 1159 (2d Cir. 1990)).  Further, the SPD must clearly articulate plan eligibility requirements, available benefits, and circumstances which may result in the denial or loss of benefits.  <u>Id.</u>  'In fulfilling this duty, an administrator must also 'make reasonable efforts to ensure each plan participant's actual receipt of the plan documents.'"  <u>Id.</u> (quoting <u>Weinreb v. Hospital for Joint Diseases Orthopaedic Inst.</u>, 404 F.3d 167, 170 (2d Cir. 2005)).

Under "Claim Three," plaintiff contends that defendants violated ERISA § 204(b)(1)(H)(i), 29 U.S.C. § 1054(b)(1)(H)(i) because the plan reduces the rate of benefit that the employee receives after the attainment of certain ages.  Compl. at 6.  The section of ERISA plaintiff references is an anti-age discrimination provision.  <u>See</u> 19 U.S.C. § 1054(b)(1)(H)(i) ("Notwithstanding the preceding subparagraphs, a defined benefit plan shall be treated as not satisfying the requirements of this paragraph if, under the plan, an employee's benefit accrual is ceased, or the rate of an employee's benefit accrual is reduced, because of the attainment of any age.").

Plaintiff provides that defendants'

_____

[10]  None of the attachments in plaintiff's March 23, 2017 filing are labeled as exhibits nor do any of the attachments appear to be the document to which plaintiff is referring here.  <u>See</u> Dkt. No. 12.

> cash balance formula increases its pay cred[it] 1% at 10-point age and service intervals until the participant accumulates 65 points . . .[11] age 45 with 20 years of service or age 50 with 15 years of service. After that point, the pay credit is fixed at a flat percentage of pay. As a result, once a participant has more than 65 points, the rate of the benefit accrual dro[ps] based on age.[12]

Compl. at 6. Plaintiff further provides that,

> [i]n addition to suffering from the conditions on actual receipt described in the First Claim, James Patrick Reedom rate of cash balance benefit accrual decreas[ed][13] almost 1.9% of pay at age 48 to 1.55% at age 52. The rate decreases further to 1.36[% at] age 55 and 1.1% if she remains employed at age 60. Before a participant has 65 age and service points, the rate of benefit accrual declines because of age, as well; the reductions are not simply quite as smooth (because of the 'bump ups in the pay credits described above.)"[14]

Id. at 6-7.

Plaintiff also files a "motion to add exhibits to the record and response to the magistrate recommendations." Dkt. No. 12. It appears that this is a request to supplement his complaint, rather than a formal motion or objections to the District Court of the Virgin Islands Magistrate Judge's transfer order. Id. Given plaintiff's pro se status, the undersigned will consider the documents filed at Dkt. No. 12 as a supplement to the complaint.

---

[11] It appears that one or more words are cut off here. Compl. at 6.

[12] A portion of the sentence was cut off, but it appears the omitted word should be "drops." Compl. at 6.

[13] This portion of the complaint is cut off.

[14] Throughout the complaint, plaintiff uses both male and female pronouns. Compl. at 2, 4, 6. It appears that plaintiff is male; thus, the Court will use male pronouns unless informed otherwise by plaintiff.

## C.  Legal Analysis

Here, the undersigned's understanding of plaintiff's complaint is that plaintiff contends that the Summary Plan Description did not comply with section 102(b) insofar as it failed to explain fully that his benefit would decrease by the attainment of a certain age.  See generally Compl.  Further, plaintiff also alleges that the benefit plain violates section 1054 insofar as it discriminates based on age – older participants accrue benefits at a lower rate than younger participants.  Id.

As explained above, plaintiff does not provide the Court with a copy of his benefit plan nor the SPD he alleges he received from defendant.  Thus, the Court is unable to discern whether it is, in fact, the case that he was not given proper notice of the plan benefits or that his benefit reduced after the attainment of various ages.  However, assuming, as this Court must, that plaintiff first and foremost is eligible to receive such benefits, that he was not given notice of this portion of the plan, and that the plan reduced benefits for older participants, it is at least arguable that it is in violation of 29 U.S.C. §1054(b)(1)(H)(I) and the disclosure requirements of 29 CFR § 2520.102-3(I) and 20 C.F.R. §§ 2520.102-2(a).

In his complaint, plaintiff requests what appears to be, at least in part, a demand for punitive damages in the amount of $50,000,000.  Compl. at 7.   A "participant or beneficiary" may, as relevant here, bring an action under ERISA "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]"  29 U.S.C. § 1132(a)(1)(B).  "Though the ERISA 'catchall' provision provides for equitable relief for

ERISA violations, the provision does not permit plaintiffs to recover monetary damages." 29 U.S.C. § 1132(a)(3); <u>Mass. Mut. Life. Ins. Co. v. Russell</u>, 473 U.S. 143, 144 (1985). The Second Circuit and districts within have repeatedly held that ERISA generally does not allow for punitive or compensatory damages. <u>De Pace v. Matsushita Elec. Corp. of Am.</u>, 257 F. Supp. 2d 543, 561-63 (E.D.N.Y. 2003) (citing <u>Great-West Life & Annuity Ins. Co. v. Knudson</u>, 534 U.S. 204 (2002) ("<u>Great–West Life</u> dictates that plaintiffs' claims for compensatory payments equal to the difference between the benefits they received and those they were promised is not a viable remedy under § 1132(a)(3) because '[a]lmost invariably . . . suits seeking . . . to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty.'"); <u>Gardner v. Verizon Communications Inc.</u>, 16-CV-814 (RMM/RML), 2017 WL 1047331, at *4 (E.D.N.Y. Mar. 17, 2017) (" . . . . ERISA does not permit the recovery of extra-contractual compensatory or punitive damages.") (citing <u>Pilot Life Ins. Co. v. Dedeaux</u>, 481 U.S. 41 (1987)). Indeed, section 1132 provides monetary rewards only in "very limited circumstances." <u>Gerosa v. Savasta & Co., Inc.</u>, 329 F.3d 317, 320 (2d Cir. 2003). However, limited equitable relief as well as injunctive relief may be available in the form of "benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. 1132(a)(1)(B).

Plaintiff has not set forth the amount of benefits he alleges are due to him nor has he set forth a claim for injunctive relief. To the extent plaintiff may seek benefits

that are recoverable under ERISA § 1132(a)(1)(B), it is recommended that plaintiff be afforded an opportunity to amend his complaint to set forth such claims for damages.

## IV. Conclusion

**WHEREFORE**, it is hereby:

**ORDERED**, that plaintiff's in forma pauperis application (Dkt. No. 2) is **GRANTED**;[15] and it is

**ORDERED**, that plaintiff's "Motion to Add Exhibits", Dkt. No. 12, is **GRANTED**, and that such exhibits be considered together with the complaint (Dkt. No. 1), and it is

**ORDERED**, that plaintiff's request to obtain a CM/ECF log-in and password, Dkt. No. 8, is **DENIED** without prejudice; and it is

**RECOMMENDED**, that insofar as plaintiff damages demand includes punitive relief, such damages request be **DISMISSED with prejudice**, and that plaintiff be permitted to amend his complaint, within thirty (30) days of adoption of this Memorandum-Decision and Order by the assigned District Judge, to plead damages permissible under section 1132(a)(1)(B), as set forth above; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order, together with the unpublished case law cited therein, to plaintiff pro se;

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff has **FOURTEEN (14)** days within

---

[15] Plaintiff is advised that *he may still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.*

which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**IT IS SO ORDERED.**

Dated: May 15, 2017
     Albany, New York

Christian F. Hummel
U.S. Magistrate Judge